McKinnet, J.,
delivered the opinion of the Court.
*292 This suit was commenced by warrant before a justice of the peace. The justice gave judgment for the plaintiff, and the defendant appealed to the Circuit Court. Upon the removal of the case to the Circuit Court, Clemmens, the defendant below, filed a plea in abatement, the substance of which is that M. R. Wilkerson, the person who as constable served the warrant, was not a lawful officer, and therefore the service was a nullity. Upon this plea issue was joined, without any exception; and-on. the .trial, the-jury found- against the plea, and judgment was rendered in favor of the plaintiff for the debt sued for. From this judgment an appeal in error was prosecuted to this Court.
As it is the wish of both parties that the question shall be decided upon this record, whether or not Wilkerson was a lawful officer, we waive all questions arising upon the plea in abatement, in respect either to the form or substance or time of putting in the plea.
The question to be decided arises upon the following state of facts. At the October sessions of the County Court of Wilson, 1855, one Kirkpatrick — who had been previously duly elected and qualified as constable for the twenty-fourth district of Wilson county — tendered to the Court his so-called resignation of said office, “to take effect the first Monday of the following month;” and this resignation the record of the Court shows “ was accepted and ordered to be made matter of record.” On the 20th of October, an election was held in said district to fill the vacancy thereafter to occur, occasioned by the resignation of Kirkpatrick, and one Hewgly received a plurality of the votes cast; and at the ensuing November sessions of the County Court — the same term at *293 which the resignation of Kirkpatrick took effect — Hewgly appeared, gave bond, and was qualified in due form as constable.
After the resignation of Kirkpatrick had actually taken effect, and after the election and qualification of Hewgly, another election was held in said district to fill the office made vacant by the resignation of Kirkpatrick. This last election was held upon the assumption that the first election having taken place before the incumbent, Kirkpatrick, had ceased to exercise the functions of his office— or, in other words, before there was a vacancy to be filled— the election was void. At the second election, Wilkerson was duly elected, and in pursuance thereof was after-wards, and prior to his service of the warrant in the present case, regularly invested with the office by the County Court.
The consequence is that there are two persons in the district, each claiming to be the lawfully constituted constable thereof; and the question is, which is, in law, the rightful officer?
It is obvious that if Hewgly’s election were valid, the subsequent election of Wilkerson to the same office was simply a nullity; but if otherwise, the contrary result is as obvious. We think it clear that the election of Hewgly was without authority of law, and of course void. The Constitution, art. 7, § 4, provides that “the filling- of all vacancies that may happen by death, resignation, or removal, not otherwise directed or provided for by this Constitution, shall be made in such manner as the Legislature shall direct.” In pursuance of this power, the Legislature, by the act of 1835, ch. 1, § 15, provided that “if a vacancy occur in the office of justice *294 of the peace or constable, by death, resignation, or removal from office, or by the removal of any of said officers from the district in which he was elected, the sheriff or coroner shall immediately thereafter, by giving ten days’ notice,” as prescribed in a previous section, “open and hold an election in said district to fill such vacancy,” etc. It is too clear to admit of any serious question that the vacancy contemplated by the Constitution, and by the statute passed in pursuance thereof, is an actual, present vacancy in the office, not a contingent or prospective vacancy; a vacancy that has already occurred, by death, removal, or resignation: vacancies occurring in either way are all in the same category; and an election in advance, in anticipation of a vacancy to occur in future by resignation, is no more allowable than would be an election in advance to fill an anticipated vacancy in future by the death or removal of the incumbent.
We need not discuss the question as to the legal effect of the proposed resignation, or notice of an intention to surrender the office at a future time, given to the County Court by Kirkpatrick. Whether he could revoke or recall it is unimportant to the present decision; for be that as it may, it is admitted on all hands that in the interval he was rightfully invested with and entitled to exercise all the functions of the office of constable of the district, and that the office was not vacant. The so-called resignation was in itself incapable of any legal effect until the first Monday of November thereafter, when the office was surrendered, and when it actually became vacant by force of such surrender alone, unaided by the previous indication of an intention to surrender it on that day.
*295 The argument from inconvenience can have no weight in the decision of this question. Neither can the argument that the general election for constables, held every two years, takes place in advance of the expiration of the term of the incumbents. It is sufficient to say, that this is by express authority of the statute; but in the case of a special election to fill a vacancy, no such authority of law exists.
The position assumed, that the record of the .County Court, showing that Hewgly was regularly invested with the office, precludes all inquiry into the legality of his election or in respect to his right to the office, is altogether untenable. The action of the County Court, in a case like the present, is simply in obedience to the requirement of the 12th section of the act above referred to, and is, in its nature, merely ministerial.
Upon the whole, we are of opinion that Wilkerson is the lawfully constituted constable of the district. Of this opinion was the Circuit Judge, and we affirm the judgment.